UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-1903-JGB (KKx)** | Date | October 17, 2017 |
| Title | *Lastenia Marizol Rodriguez v. City of Fontana, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel [Dkt. 50] and Vacating October 19, 2017 Hearing

## I.
## SUMMARY OF RULING

On October 5, 2017, Plaintiff Lastenia Marizol Rodriguez ("Plaintiff") filed a Motion to Compel ("Motion") with a Joint Stipulation ("JS") pursuant to Local Rule 37-2. ECF Docket No. ("Dkt.") 50. Plaintiff sought to compel defendant City of Fontana to produce (1) complaints of "actions/omissions of dishonesty" or use of excessive force by defendants Shane McCoy, Justin Laing, Kevin Goltara, and Nathan Weiske (the "Officer Defendants") (Request Nos. 111 through 122); (2) notices of intention to impose discipline upon the Officer Defendants (Request Nos. 123 through 126); (3) all documents sent to the San Bernardino County District Attorney's Office requesting the criminal prosecution of Plaintiff (Request No. 154); and (4) internal affairs investigation reports, witness statements, audio recordings, and video recordings regarding the investigation of any complaints of "actions/omissions of dishonesty" or uses of excessive force by the Officer Defendants (Request Nos. 158 through 205).

After meeting and conferring, Defendant City of Fontana agreed to amend its responses to Request Nos. 123 through 126 to state that no such documents exist. In addition, Defendants now state all documents responsive to Request No. 154 have been produced. See Declaration of Daniel S. Cha ("Cha Decl."), ¶¶ 16-17. Therefore, only categories 1 and 4 above remain in dispute.

The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. As set forth below, the Court (1) GRANTS Plaintiff's Motion as to categories 2 and 3 (Request Nos. 123-26, 154); (2) ORDERS Defendants to supplement responses to Request Nos. 123 through 126 and 154; (3) GRANTS Plaintiff's Motion as to categories 1 and 4 (Request Nos. 111-22, 158-205) in part; and (4) ORDERS Defendants to lodge certain documents for *in camera* review. After *in camera* review, the Court will issue an order regarding production of documents responsive to categories 1 and 4 pursuant to a protective order limiting use of any documents produced to this action. The hearing on Plaintiff's Motion set for October 19, 2017 is hereby VACATED.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On September 7, 2016, Plaintiff filed a complaint against the City of Fontana, the Officer Defendants, and Does 1 through 10 (collectively, "Defendants"), alleging the following claims: (1) Fourth Amendment claim for unreasonable search and seizure under 42 U.S.C. § 1983 ("Section 1983"); (2) Fourth Amendment claim for excessive force under Section 1983; (3) Fourth Amendment claim for warrantless entry into home and warrantless arrest under Section 1983; (4) violation of First Amendment right to freedom of speech and right to petition government for redress of grievances under Section 1983; (5) Monell[1] claim for failure to train under Section 1983; (6) Monell claim for unconstitutional policy, practice, or custom under Section 1983; as well as state law claims for (7) violation of California Civil Code § 52.1 ("Bane Act"); (8) false arrest and false imprisonment; (9) battery; (10) assault; (11) intentional infliction of emotional distress; and (12) negligent infliction of emotional distress. Dkt. 1, Complaint.

The action arises out of an incident on August 26, 2015. Plaintiff alleges that she called the police on August 26, 2015 because she was suffering from a seizure at her home and needed medical assistance. Id. ¶ 20. She alleges she hung up the phone when she saw her husband enter the home because he could provide her with her seizure medication. Id. Shortly thereafter, officers McCoy, Laing, and Does 1 and 2 arrived. Id. ¶ 22. Plaintiff alleges the officers asked her husband whether they could enter the home to talk to Plaintiff. Id. ¶ 24. Her husband told the officers they would not be permitted to enter the home, but he would have Plaintiff come outside to talk. Id. Plaintiff alleges she came to the door to talk to the officers, but while her husband was escorting her outside, the officers forcefully began pulling the door open to try to force their way into the home. Id. ¶ 28. Plaintiff alleges she was then seized by the officers, while the other officers forced their way into her home to arrest her husband. Id. ¶ 35. Plaintiff alleges the officers began savagely beating her husband with their batons, and were kicking and punching him while he was on his knees with his hands up. Id. ¶ 38. Plaintiff alleges she began to have a seizure from the stress and violence, which caused her to fall to her knees. Id. ¶ 43. As she was falling from her seizure, the officers allegedly struck her in the back with their batons. Id. Plaintiff's husband was then handcuffed and transported to the Fontana Police Station. Id. ¶ 48.

---

[1] Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

Plaintiff alleges, thereafter, Goltara and Weiske arrived at the scene and "approved, encouraged, and ratified" the allegedly unlawful conduct of their subordinate officers, McCoy, Laing, and Does 1 and 2. Id. ¶ 55.

On April 13, 2017, Plaintiff served 205 Requests for Production. Declaration of Jerry L. Steering ("Steering Decl."), ¶ 64. On June 15, 2017, Defendants served their responses. Id. ¶ 65. On July 7, 2017, Plaintiff's counsel sent Defendants' counsel a meet and confer letter detailing the deficiencies of Defendants' responses. Id. ¶ 72. On July 27, 2017, counsel for both parties met and conferred in person. Id. ¶ 73. On August 18, 2017, Defendants served Supplemental Responses to Plaintiff's Requests for Production. Id. ¶ 74.

On October 2, 2017, Plaintiff filed the instant Motion and Joint Stipulation. Dkt. 50, JS. Defendants argue the information sought is overbroad and protected by various privileges, including privacy, official information, and deliberative process. Id. In the event the Court compels production of the complaints and internal investigations, Defendants request an *in camera* review prior to production and that the Court issue a protective order limiting use of the documents to this action. Id. at 49-50. The matter thus stands submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No.

1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

## IV.
## DISCUSSION

### A. PLAINTIFF'S REQUESTS ARE OVERBROAD

Plaintiffs argue the complaints and investigations are relevant to (a) Plaintiff's Monell claims and (b) "are likely to be germane to evidence of other actions of force or violence of scheme, plan, modus operandi, plan, course of conduct, etc."[2] Steering Decl., ¶ 83. Defendants argue Plaintiff's requests are not limited to any particular scope of time, hence, the requests are overbroad because incidents over five years prior to the incident giving rise to the instant action are too remote in time to have sufficient probative value. JS at 48.

The parties agreed during meet and confer to limit the discovery requests to five years prior to the incident. Id. The Court is inclined to agree that complaints and investigations over five years old are likely to have little probative value and unlikely to lead to the discovery of admissible evidence. See Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *2 (S.D. Cal. Nov. 28, 2012) (limiting discovery of personnel evaluations to three years prior to the incident at issue). Hence, the Court will limit discovery to five years prior to the incident.

In addition, the Court finds the individual officers' specific role in the incident must be considered in determining the appropriate scope of discovery. Therefore, the Court finds complaints and investigations regarding dishonesty could be relevant to Plaintiff's claims against the Officer Defendants and that complaints and investigations regarding use of force could be relevant to Plaintiff's claims against defendants Liang and McCoy.

///
///
///
///
///

---

[2] Plaintiff also argues the complaints and investigations are relevant to Mr. Rodriguez's state criminal case. See Steering Decl. However, pursuant to Federal Rule of Civil Procedure 26(b), this Court will only focus on how the requests are relevant to Plaintiff's claims and defenses in the instant action. See Fed. R. Civ. P. 26(b).

B. **DEFENDANTS HAVE NOT MADE A SUBSTANTIAL THRESHOLD SHOWING THAT THE OFFICIAL INFORMATION PRIVILEGE APPLIES TO PROTECT THE COMPLAINTS OR INVESTIGATIONS FROM DISCLOSURE**

Defendants next argue the complaints and investigations are privileged pursuant to the official information and deliberative process privileges. However, Defendants make no effort to satisfy the substantial threshold showing that the privileges apply in this case.

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. "The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure *under a protective order* would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made." Bosley v. Valasco, No. 1:14-CV-00049-MJS (PC), 2016 WL 1704159, at *5 (E.D. Cal. Apr. 28, 2016) (emphasis added) (citing Kelly, 114 F.R.D. at 670), modified, 2016 WL 2756590 (E.D. Cal. May 12, 2016).

Defendants provide no support for their assertion of the official information or deliberative process privileges. Moreover, the Court finds disclosure of the information sought subject to an appropriate protective order will not harm the generally asserted governmental interest in confidentiality of performance evaluations. See Kelly, 114 F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the threat to law enforcement interests is disclosure to the public generally, not simply to an individual litigant and/or her lawyer."); Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *4 (S.D. Cal. Nov. 28, 2012). Hence, the Court denies Defendants' request to preclude disclosure based on the official information or deliberative process privileges.

C. **IN ORDER TO BALANCE FEDERAL PRIVACY CONCERNS, THE COURT WILL REVIEW THE COMPLAINTS AND INVESTIGATIONS *IN CAMERA* BEFORE COMPELLING PRODUCTION SUBJECT TO A PROTECTIVE ORDER**

Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. U.S. Dist. Ct. for N. Dist., 542 F.2d 1114,

1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants), cert. denied, 507 U.S. 910, 113 S. Ct. 1255, 122 L. Ed. 2d 654 (1993); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550–51 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential and should be given "some weight." Kelly, 114 F.R.D. at 656; Denver Policemen's Protective Ass'n v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). However, the right to privacy is not absolute and can be outweighed. Roettgen v. Foston, No. 13-CV-1101-GPC-BGS, 2016 WL 4720059, at *1 (S.D. Cal. Sept. 9, 2016). The privacy rights in police files "must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

Here, Defendants request the Court issue an order undertaking an *in camera* review of the information subject to disclosure and to then determine what information, if any, should be released. See Bosley, 2016 WL 1704159, at *7. In order to balance the Officer Defendants' privacy rights, as well as the privacy rights of third parties, the Court grants Defendants' request to conduct an *in camera* review before ordering production.

In addition, a district court's authority to manage discovery in civil suit includes entry of protective orders to prevent parties from using civil discovery to evade restrictions on discovery in criminal cases. Degen v. United States, 517 U.S. 820, 826, 116 S. Ct. 1777, 135 L. Ed. 2d 102 (1996). Therefore, as alluded to in Section IV.B., the Court grants Defendants' request for a protective order limiting the use of documents to this action.

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART as follows:

   (a) Plaintiff's Motion as to categories 2 and 3 (Request Nos. 123-26, 154) is GRANTED;
   (b) **Within ten (10) days of the date of this Order**, Defendants shall serve supplemental responses to Request Nos. 123 through 126 and 154;
   (c) Plaintiff's Motion as to categories 1 and 4 (Request Nos. 111-22, 158-205) is GRANTED IN PART AND DENIED IN PART; and
   (d) **Within ten (10) days of the date of this Order**, Defendants shall lodge the following documents for *in camera* review:

     a. Complaints of "actions/omissions of dishonesty" of the Officer Defendants for the five years prior to August 26, 2015;
     b. Internal investigation reports, witness statements, audio recordings, and video recordings of investigations of "actions/omissions of dishonesty" of the Officer Defendants for the five years prior to August 26, 2015;
     c. Complaints of use of force of defendants McCoy and Laing for the five years prior to August 26, 2015; and
     d. Internal investigation reports, witness statements, audio recordings, and video recordings of investigations of use of force of defendants McCoy and Laing for the five years prior to August 26, 2015.

2. **Within ten (10) days of the date of this Order**, the parties may file a proposed stipulated protective order that limits use to this action of any complaints or internal investigation reports, witness statements, audio recordings, or video recordings that the Court orders produced after *in camera* review. In the event the parties fail to file a proposed stipulated protective order, the Court will issue an appropriate protective order if and when Defendants are ordered to produce responsive records.

3. The hearing on Plaintiff's Motion set for October 19, 2017 is VACATED.

**IT IS SO ORDERED.**