UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 16-1903-JGB (KKx) | Date | November 3, 2017 |
| Title | *Lastenia Marizol Rodriguez v. City of Fontana, et al.* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Compelling Production of Records [Dkts. 66, 67, 68]

      On October 5, 2017, Plaintiff Lastenia Marizol Rodriguez ("Plaintiff") filed a Motion to Compel ("Motion") defendant City of Fontana ("Defendant") to produce (1) complaints of "actions/omissions of dishonesty" or use of excessive force by defendants Shane McCoy, Justin Laing, Kevin Goltara, and Nathan Weiske (the "Officer Defendants") (Request Nos. 111 through 122); (2) notices of intention to impose discipline upon the Officer Defendants (Request Nos. 123 through 126); (3) all documents sent to the San Bernardino County District Attorney's Office requesting the criminal prosecution of Plaintiff (Request No. 154); and (4) internal affairs investigation reports, witness statements, audio recordings, and video recordings regarding the investigation of any complaints of "actions/omissions of dishonesty" or uses of excessive force by the Officer Defendants (Request Nos. 158 through 205). ECF Docket No. ("Dkt.") 50. On October 17, 2017, the Court granted in part Plaintiff's Motion, but only after an *in camera* review by the Court to determine relevance and balance privacy concerns. Dkt. 63.

      On October 27, 2017, Defendant lodged original responsive documents, including nine DVDs of audio and video recordings, with the Court for *in camera* review along with a proposed redacted version of the documents. Dkt. 66. On October 27, 2017, Defendants lodged a proposed protective order. Dkt. 67. On October 30, 2017, Plaintiff lodged a proposed protective order. Dkt. 68.

      After reviewing the originals and proposed redactions, and the proposed protective orders, the Court **ORDERS AS FOLLOWS**:

(1) Defendant may produce the redacted version of the documents as proposed, except Defendant shall not redact

>    (a) the name or address of the location of the incident where the alleged use of force occurred; and
>    (b) the names of victims and witnesses to the alleged use of force.

(2) **Within seven (7) days of the date of this Order**, Defendant shall produce to Plaintiff the redacted version of the documents that were lodged with the Court on October 27, 2017 with the revisions set forth above and the nine DVDs.

(3) The documents and DVDs produced pursuant to this Order ("Protected Material") are subject to the following protective order:

**(A) SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

**(B) DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Defendant agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, Rodriguez v. City of Fontana, et al., EDCV 16-1903-JGB (KKx) ("Action"), with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**(C) ACCESS TO AND USE OF PROTECTED MATERIAL**

Plaintiff may use Protected Material only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by Plaintiff at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

If Plaintiff is incarcerated, Plaintiff may not have personal possession of any Protected Material, or material derived therefrom, during any period of Plaintiff's incarceration.

Unless otherwise ordered by the Court or permitted in writing by the Defendants, Plaintiff may disclose Protected Material only to:

>    (a) Plaintiff's counsel, as well as employees of Plaintiff's counsel to whom it is reasonably necessary to disclose the information for this Action;

(b) Plaintiff's experts to whom disclosure is reasonably necessary for this Action and who have signed an "Acknowledgment and Agreement to Be Bound";
(c) the Court and its personnel;
(d) court reporters and their staff;
(e) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed an "Acknowledgment and Agreement to Be Bound";
(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;
(g) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign an "Acknowledgment and Agreement to Be Bound"; and (2) the witness will not be permitted to keep any confidential information unless they sign an "Acknowledgment and Agreement to Be Bound," unless otherwise agreed by the Defendant or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and
(h) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

**(D) PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If Plaintiff is served with a subpoena or court order issued in other litigation that compels disclosure of any Protected Material, Plaintiff must:
(a) promptly notify Defendant in writing. Such notification shall include a copy of the subpoena or court order;
(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and
(c) cooperate with respect to all reasonable procedures sought to be pursued by Defendant whose Protected Material may be affected.

If Defendant timely seeks a protective order, Plaintiff shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless Plaintiff has obtained Defendant's permission. Nothing in these provisions should be construed as authorizing or encouraging Plaintiff to disobey a lawful directive from another court.

**(E) UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, Plaintiff must immediately (a) notify the Defendant in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) require that the Protected Material be returned.

### (F) FILING PROTECTED MATERIAL

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

### (G) FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by Defendant, Plaintiff must return all Protected Material to Defendant or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, Plaintiff must submit a written certification to Defendant by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that Plaintiff has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

### (H) SANCTIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings, and/or monetary sanctions.

**IT IS SO ORDERED.**